IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lakishia S. Lee,<br><br>   Plaintiff,<br><br>v.<br><br>Olsten Staffing Services Corporation and<br>Honda of South Carolina Mfg., Inc.,<br><br>   Defendants. | Case No. 4:18-cv-02520-SAL<br><br><br>**OPINION AND ORDER** |

## I. Introduction

Plaintiff Lakishia S. Lee filed this action against Defendants on September 12, 2018, asserting violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). *See* ECF No. 1. Plaintiff submits that she was subject to discrimination, retaliation, and a hostile work environment. She further submits that Defendants failed to make reasonable accommodations for her actual and/or perceived disability. *See* ECF No. 1. On September 24, 2019, Olsten Staffing Services Corporation ("Olsten") and Honda of South Carolina Mfg., Inc. ("Honda") each filed a motion for summary judgment. ECF Nos. 44, 45.

This matter is now before the Court for review of the March 11, 2020 Report and Recommendation ("Report") issued by United States Magistrate Judge Kaymani D. West in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B) (D.S.C.). ECF No. 67. In the Report, the Magistrate Judge recommends granting Defendants' motions because Plaintiff cannot establish that she was within the ADA's protected class. In addition, the Magistrate Judge concluded that Plaintiff's retaliation claim fails where her voluntary resignation from employment did not amount to an adverse employment action in the form of a constructive

1

discharge. Defendant Honda moved for summary judgment on the issue of whether it was a joint employer of Plaintiff, and the Report recommends denying Honda's motion on this issue. The Report sets forth, in detail, the factual history of this case and the evidence relevant to Defendants' motions. Without objections to the factual portions of the Report, it is incorporated herein.

Plaintiff filed her objections to the Report on March 25, 2020, and Defendants each filed a reply on April 8, 2020. In her objections, Plaintiff takes issue with (1) "the Magistrate's finding that Plaintiff had no record of impairment; no impairment that limits one or more life activities; and no proof of being 'regarded as' disabled"; (2) "the Magistrate's finding that Plaintiff suffered no materially adverse employment action"; and (3) "the Magistrate's . . . finding that Plaintiff is not within [the] ADA's protected class, because the Magistrate weighed the evidence." Plaintiff does not set forth the grounds for her second objection, and her first and third objections are substantially equivalent. On reply, Defendants submit Plaintiff's claims are subject to summary judgment for the threshold reasons set forth in the Report as well as those argued in their motions. Defendant Honda does not object to the Magistrate Judge's conclusion regarding its status as a joint employer.

After a thorough review of the record, the Report, the parties' objections and replies, and the applicable law, the Court overrules' Plaintiff's objections, adopts the Report in its entirety, grants Olsten's motion, and grants in part and denies in part Honda's motion.

## II.     Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact

is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but the non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Having applied the foregoing standard, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

After a thorough review of the record, and drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to carry her burden at this stage to show that she was within the class of persons protected by the ADA, as amended. Reviewing the remainder of the Report for clear error and finding none, the Report is adopted in whole.

#### A. Failure to Object with Specificity

First, the Court notes that Plaintiff's second enumerated objection, ECF No. 68 at 3, consists of a single sentence that, in context, appears to be intended as a summary of argumentation to follow. Unlike the other two objections–both of which are directed at whether Plaintiff can be considered disabled at this stage within the meaning of 42 U.S.C. § 12102(1)– Plaintiff's second objection is not discussed at all in the argument section of Plaintiff's filing. The Court, therefore, declines de novo review of this objection, as it does not comply with Rule 72(b)(2) of the Federal Rules of Civil Procedure. Reviewing the Report's conclusion that Plaintiff has not established a genuine issue as to whether she suffered a materially adverse employment action for clear error, the Court agrees that Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

#### B. Plaintiff is Not Within the Class of Persons Protected by the Americans with Disabilities Act.

The record evidence before the Court does not permit a reasonable inference that Plaintiff fell within the ADA's protected class. Defendants are, accordingly, entitled to summary judgment as to Plaintiff's claims for discrimination, failure to accommodate, and hostile work environment.

Each of the foregoing claims requires Plaintiff to establish that she was a member of the ADA's protected class of disabled persons. *See Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345

(4th Cir. 2013) (failure to accommodate); *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 n.9 (4th Cir. 2004) (hostile work environment); *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000) (disability discrimination). A person has a "disability" within the meaning of the ADA if he or she (A) suffers an "impairment that substantially limits one or more major life activities"; (B) has "a record of such impairment"; or (C) is "regarded as having such an impairment." *See* 42 U.S.C. § 12102(1)(A)-(C).[1] The definition of "disability" is to be "construed in favor of broad coverage of individuals under this chapter," but, in any event, only "to the maximum extent permitted" by the text of the statute. *Id.* § 12102(4)(A). Further, whether a plaintiff meets the statutory definition of disabled under the ADA "is a question of law for the court, not a question of fact for the jury." *Yoo v. BMW Mfg. Co. LLC*, C/A No. 7:17-cv-3499-TMC, 2020 WL 415897, at *4 (D.S.C. Jan. 27, 2020) (quoting *Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001)). The inquiry is, nevertheless, particularized to the plaintiff and the facts of each case. *Id.* (citing *Jones v. Family Health Ctr., Inc.*, 323 F Supp. 2d 681, 686 (D.S.C. 2003).

> **i.   Because Plaintiff was Only Incapable of Satisfying the Demands of a Particular Job in Her Field, She did Not Have an Impairment that Substantially Limited her Ability to Work.**

With respect to the first category of what constitutes a disability under the ADA, "major life activities" include, as relevant to Plaintiff's argument, "working." *Id.* § 12102(2)(A). When the major life activity substantially limited by an impairment is working, a plaintiff must show not merely that the impairment rendered him or her "'incapable of satisfying the singular demands of a particular job,' but that it 'foreclose[d] generally [her opportunity to obtain] the type of employment involved.'" *Rhoads v. F.D.I.C.*, 257 F.3d 373, 388 (4th Cir. 2001) (quoting

---

[1] As the Report notes, Plaintiff's failure to accommodate claim cannot be premised on a disability defined solely under subparagraph (C). 42 U.S.C. § 12201(h).

5

*Gupton v. Virginia*, 14 F.3d 203, 205 (4th Cir. 1994)). The "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Boitnott v. Corning, Inc.*, 669 F.3d 172, 174-75 (4th Cir. 2012).

In Plaintiff's deposition, she testified that she could perform "pretty much any work that's out there as long as it didn't require exposure to wet paint," which paint she alleges caused an allergic reaction. Pl. Dep., ECF No. 44-2 at 157. She would have had "no problem" in another position within Honda's plant. Id. at 158. This showing is insufficient to establish a disability under 42 U.S.C. § 12102(1)(A). *See Boitnott*, 669 F.3d at 176-77 (affirming summary judgment for defendant where plaintiff's cardiac difficulties prevented him from working more than forty hours per week, because his condition did not significantly restrict his "ability to perform a class of jobs or a broad range of jobs in various classes"); *see also Gupton*, 14 F.3d at 205 (affirming judgment for defendants on Rehabilitation Act claim where plaintiff adduced no evidence that she was "foreclosed . . . generally from obtaining jobs in her field"); *Forrisi v. Bowen*, 794 F.2d 931, 935 (4th Cir. 1986) (affirming summary judgment for defendant on Rehabilitation Act claim where plaintiff claimed a fear of heights that only rendered him "unsuited for one position in the plant"). Even construing the evidence in Plaintiff's favor, where she readily acknowledges that she could have performed any other job in her field other than one requiring exposure to wet paint, she has failed to show a disability under this category.

> ii. **Because Plaintiff did Not Have a Disability Within the Meaning of 42 U.S.C. § 12102(1)(A), She Necessarily did Not Have a Record of Such a Disability Within the Meaning of 42 U.S.C. § 12102(1)(B).**

Plaintiff cannot establish that she had "a record of" a disability because she did not have a disability within the meaning of 42 U.S.C. § 12102(1)(A).

Under the second category of what constitutes a disability under the ADA, a plaintiff can show his or her status as a member of the protected class by establishing that he or she had a "record of such an impairment." 42 U.S.C. § 12102(1)(B). The reflexive language of the statute refers to the "impairment" described in the immediately preceding subparagraph, *i.e.*, an "impairment that substantially limits one or more major life activities." *Id.* § 12102(B). Although subparagraph (C) contains the same reflexive language for purposes of the "regarded as" category, Congress made clear in paragraph (3) of the statute that an individual meets the requirement of subparagraph (C) so long as they are perceived to have an "impairment" (not necessarily a "disability"), regardless of whether the impairment does or is perceived to limit a major life activity. Where Congress has not undone the effect of the reflexive language in 42 U.S.C. § 12102(1)(B) as it has with 42 U.S.C. § 12102(1)(C), that language must be given effect. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's "record of such an impairment" claim necessarily fails along with her claim of having an impairment that substantially limits a major life activity. As the Court concludes Plaintiff cannot meet the first or second definition of "disability," Defendants are entitled to summary judgment on Plaintiff's failure to accommodate claim. 42 U.S.C. § 12201(h)

> ### iii. Plaintiff Acknowledges that She was Not Regarded as Having an Impairment, and She Cannot Satisfy the Requirements of 42 U.S.C. § 12102(1)(C).

The record is not subject to an inference that Defendants perceived Plaintiff to be impaired or that Defendants took any prohibited action as a result of such a perception. Accordingly, Plaintiff is not disabled within the meaning of 42 U.S.C. § 12102(1)(C).

For purposes of the ADA's third category of what constitutes a disability, a plaintiff may proceed by showing that he or she "has been subjected to an action prohibited under this chapter

because of an actual or perceived physical or mental impairment whether or not the impairment is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). A "physical or mental impairment" includes "[a]ny physiological disorder or condition," including a skin condition. 29 C.F.R. § 1630.2(h)(1). Under this category, "the perception of the employer becomes the relevant inquiry for the court." *Chamberlain v. Securian Fin. Grp., Inc.*, 180 F. Supp. 3d 381, 399 (W.D.N.C. 2016) (citing *Hilton v. Wright*, 673, F.3d 120, 129 (2d Cir. 2012)).

Importantly, whether Plaintiff meets the standard of 42 U.S.C. § 12102(1)(C) "is a question of law for the court, not a question of fact for the jury." *See Yoo v. BMW Mfg. Co. LLC*, C/A No. 7:17-cv-3499-TMC, 2020 WL 415897, at *4 (D.S.C. Jan. 27, 2020) (*quoting Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001)); *see also Betts v. Rector & Visitors of Univ. of Virginia*, 113 F. Supp. 2d 970, 981 (W.D. Va. 2000) ("The issue of whether [plaintiff] is 'disabled,' as that term is defined by the ADA . . . is a dispositive question of law, not a question of fact."), *rev'd on other grounds*, 18 F. App'x 114 (4th Cir. 2001). Plaintiff did not dispute Defendants' assertion on this point in response to summary judgment, and she did not object to the Magistrate Judge's acknowledgement of supporting case law.

The evidence here shows that Plaintiff worked at Honda's plant without incident for nearly six months. Upon her return to work after experiencing an allergic reaction in early August of 2017, Plaintiff provided her supervisors with a "fitness for duty" form, which had been completed by a healthcare provider and signed by Plaintiff on August 9, 2017. The form states that Plaintiff had been released "to a modified duty" on August 5, 2017, because, "due to current medical conditions," she could not be around wet paint at Honda's plant. The same form states, however, that Plaintiff was estimated to "return to full, unrestricted duty" the very next day. ECF No. 44-2 at 40. Plaintiff's manager testified that the following week, he was under the

impression that Plaintiff "did not have any restrictions." Plaintiff's medical notation at the time was equivocal at best. Placed back into the paint department, Plaintiff indicated she would no longer perform her painting duties. Accordingly, Honda and Olsten began making arrangements to transfer Plaintiff to a different department where she would not be exposed to wet paint. Plaintiff testified that she could not identify anyone during her employment who perceived her as having a disability.

In her objections, Plaintiff argues that she was "regarded as disabled" because Defendants began putting plans into place to facilitate Plaintiff's transfer to a department that did not require her to be near wet paint. Plaintiff's fitness for duty form contains a noted dated August 9, 2020, which states "unable to accommodate – moving to [another] department." ECF No. 44-2 at 45. The reasonable interpretation of this document, however, is not that Defendants regarded Plaintiff as having an impairment but that they could not continue operations in the paint department with Plaintiff representing–despite a signed healthcare provider's note that she would return to full duty on August 6, 2020–that she could no longer paint. Defendants therefore began making arrangements to accommodate Plaintiff in a different department. Plaintiff, however, voluntarily resigned on August 11, 2020, thanking Defendants for the opportunity they provided, approximately one week after experiencing her first alleged reaction to wet paint at Honda's plant. The record does not permit an inference that Defendants perceived Plaintiff to have an impairment or that they took any prohibited action because of such a perception as required under 42 U.S.C. § 12102(3)(A).

For the foregoing reasons, Plaintiff's objections are overruled, and the Report is adopted in its entirety.

**IV.     Conclusion**

After a thorough review of the record, the Report, Plaintiff's objections, and the applicable law, the Court overrules Plaintiff's objections and adopts the Report in its entirety. Accordingly, Defendant Olsten's Motion for Summary Judgment, ECF No. 45, is GRANTED, and Defendant Honda's Motion for Summary Judgment, ECF No. 44, is GRANTED except as to the issue of whether Honda and Olsten were joint employers of Plaintiff.

        IT IS SO ORDERED.

        /s/ Sherri A. Lydon
        Sherri A. Lydon
        United States District Judge

Florence, South Carolina

August 14, 2020